UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEON GREENHILL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | CR-F-94-5020 AWI<br>CV-F-97-5020 AWI<br><br>ORDER DENYING PETITIONER'S MOTION UNDER FED. R. CIV. PROC. 60(b)(4) AND MOTION FOR DEFAULT JUDGMENT<br><br>CR-F-94-5020<br>(Docs. 215, 216, and 221) |

**I. History**[1]

Petitioner Anthony Leon Greenhill was found guilty on July 11, 1995 after a jury trial of one count of violation of 18 U.S.C. §922(g)(1), felon in possession of a firearm (Crim. Case No. 94-5020, District Court Judge Edward Dean Price). Petitioner was sentenced to 293 months in custody. The case was appealed to the Ninth Circuit and the conviction was affirmed. Petitioner then filed a timely habeas petition pursuant to 28 U.S.C. §2255 (Civ. Case No. 97-5020, Judge Price). The habeas petition was denied; the court also denied the request for a certificate of appealability. The Ninth Circuit also denied the request for a certificate of appealability. Petitioner filed an appeal with the U.S. Supreme Court which was denied. Petitioner filed a new

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

case seeking the writ of error coram nobis (Civ. Case No. 00-5818, assigned to District Court Judge Myron Crocker as Judge Price had retired). The court construed the request as a habeas petition pursuant to 28 U.S.C. §2255 as the writ of error coram nobis is not available to one who is still in custody. Treating the matter as a second habeas petition, the court found that Petitioner had not obtained authorization from the Ninth Circuit pursuant to 28 U.S.C. §2244(b)(3). The Ninth Circuit denied the appeal. In addition to this history within the Eastern District, Petitioner has also filed habeas petitions with federal district courts in other parts of the country. They have also been denied.

On February 26, 2007, Petitioner filed the present motion, entitled "Motion Under Federal Rules of Civil Procedure, Rule 60(b)(4) 'The Judgment Is Void.'" Doc. 215. On May 14, 2007, Petitioner filed another motion that largely duplicated the substance of the February filing. Doc. 216. There was no action in the case and Petitioner filed a motion for default judgment and/or judgment on the pleadings on April 21, 2008. Doc. 221. As Judge Crocker has retired, the cases were reassigned to the undersigned. The court sent out a letter on May 22, 2007 directing Petitioner to file his Rule 60(b)(4) materials in Crim. Case No. 94-5020. All recent documents have been filed in the original criminal case docket only. In substance though, Petitioner's motions are directed at the denial of habeas relief in Civ. Case No. 07-5020. A copy of this order will be filed in the civil habeas docket for clarification.

## II. Legal Standards

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Ninth Circuit law pertaining to the use of Rule 60(b) as a means of presenting claims that would otherwise state a claim under section 2255 is well settled. Where "the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b)... the Rule 60(b) motion should be treated as a successive habeas petition." Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). "[A] Rule 60(b) motion that focuses on a defect in the habeas proceeding and not on the constitutionality of the underlying conviction does not

2

seek the type of relief at which the restrictions of § 2244(b) are aimed." Sanders v. McCaughtry, 333 F. Supp. 2d 797, 799 (E.D. Wis. 2004).

### III. Discussion

In Petitioner's Fed. R. Civ. Proc. 60(b)(4) motion, he arguing two issues: (1) Judge Price did not rule on all of Petitioner's claims and (2) Judge Price should have recused himself from ruling on the habeas petition based on bias.  The two must be separately analyzed.

**A. Failure to Rule on All Issues Raised**

When a court does not address all claims included in a habeas petition, re-raising those claims is not raising a second or successive petition under the meaning of Section 2244(b). See Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44 (1998) (as district court did not rule on an unripe claim, petitioner could properly re-raised the claim after it ripened without leave from circuit court).  Courts may have to look at the substance of the claims to determine whether the claims were actually raised in the initial petition. See Henderson v. Lampert, 396 F.3d 1049, 1052-53 (9th Cir. 2005).  In his original petition, Petitioner raised six claims: ineffective assistance of counsel in failing to raise certain issues on appeal; conviction based on an unconstitutionally vague law; use of hearsay testimony at trial; prejudicial comments by trial judge; illegal arrest resulting in illegal search; and unlawful sentencing. Doc. 188.

Judge Price's order denying the petition reorganized the claims and addressed five issues: the meaning of the law petitioner was convicted under; admissibility of testimony from a custodian of records; inadmissibility of hearsay petitioner sought to introduce at trial; legality of arrest for parole violation; and legality of sentencing. Doc. 195.  In reconsideration, Petitioner states:

> Petitioner does not dispute the fact that those issues were denied. PETITIONER DISPUTES THE FACT THOSE WERE NOT THE SOLE CLAIMS ALLEGED. The court defaulted the following issues of the same 2255 motion filing: I) Ineffective direct Review Counsel: For failing to bring any issue now before the Ninth Circuit Court of Appeals; II) Brady/Jencks Act Discovery Violations; 18 USC 3500; The second arresting police officer has never been named for the defense in pretrial discovery or at jury trial request after witness testimony; III) Prejudicial Trial Court Statements Throughout Trial

> (BENCH TRIAL BIAS) The Honorable Justice Mr. Edward Dean Price who instructed the jury at mid-trial that petitioner either stole the firearm or was given it as a gift and the governments documents will prove interstate commerce allegations of the Indictment. A clear determination of petitioners guilt was made to the jury by the court over the petitioners objection. The Court in original 2255 motion filing did not even acknowledge the existence of these three said Claims by the petitioners.

Doc. 216, at 15-16. Review of the original habeas petition and the July 21, 1997 order does show that Petitioner's claims were not directly addressed. Thus, the motion for reconsideration should not be considered as a second or successive habeas petition.

The court notes that this argument (allegation that July 21, 1997 order failed to address all claims brought by Petitioner) was raised in 1997 when the Petitioner sought to appeal the denial. In his notice of appeal, he identified six claims and stated that the court did not rule on three of them. Doc. 196, at 2. Per AEDPA, Petitioner needed to obtain a certificate of appealability from either a district or circuit court judge to proceed with the appeal. In the order denying the certificate, Judge Price reiterated the conclusions in his order denying the petition and found no denial of a substantial federal right. Doc. 197. The Ninth Circuit denied the certificate without analysis on December 12, 1997. Doc. 199. As a practical matter, Petitioner's argument has already been considered and rejected by Judge Price.

Petitioner styles the reconsideration motion as pursuant to Rule 60(b)(4) claiming the judgment is void. In the briefing, he states the "denial in original 2255 must be declared void, in a miscarriage of justice, by mistake or misconduct by the trial/2255 hearing Judge Mr. Edward Dean Price." Doc. 216, at 22. Assuming arguendo Petitioner's argument has merit, the denial of the habeas is incomplete rather than void. In this respect, Petitioner's argument must be considered a motion under Rule 60(b)(1) as a mistake of the court. "Rule 60(b)(1) provides that the court may relieve a party from an order for reason of 'mistake, inadvertence, surprise, or excusable neglect.' Fed. R. Civ. P. 60(b). The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence." Sierra Club v. City & County of Honolulu, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007), citing Liberty Mut. Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982). Rule 60(b) has a timeliness requirement that states "The motion shall be made within a reasonable time, and for reasons (1),

(2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. Proc. 60(b). Petitioner brings this motion approximately nine years later, well beyond the deadline. The motion is untimely and will not be considered on its merits.

**B. Recusal**

Petitioner's other argument is that Judge Price should not have been the judicial officer to rule on the habeas petition. He asserts that since one of his claims concerned allegedly prejudicial comments made by Judge Price in the course of the trial, Judge Price should have recused himself pursuant to 28 U.S.C. §455(a). Petitioner states:

> had the court ruled upon the bench judge bias and not defaulted the claim, the court could not have denied any of the alleged claims by the petitioner, that error puts the integrity of the 2255 hearing and jury trial at stake as non-issue structural error, the court as a public minister of justice failed to perform it's duty in ruling on petitioners claim as [an ob]jective impartial party of his own alleged misconduct and therefore knowing he should have disqualified himself from hearing the 2255 motion per-28 USC 455(a).

Doc. 216, at 9-10. "The Honorable Justice Mr. Edward Dean Price who instructed the jury at mid-trial that petitioner either stole the firearm or was given it as a gift and the governments documents will prove interstate commerce allegations of the Indictment. A clear determination of petitioners guilt was made to the jury by the court over the petitioners objection." Doc. 216, at 16. Petitioner's claim that alleged bias tainted the jury trial is addressed above as an issue that is untimely raised. The court considers the distinct claim that bias interfered with the habeas process. As the matter is separate from the merits of the habeas petition (the propriety of the underlying conviction itself), it is not barred under Section 2244(b). However, an order in a case where the presiding judge is allegedly biased is not void. Rather, the motion is better construed as falling under Fed. R. Civ. Proc. 60(b)(6) as an unenumerated reason for relief from judgment.

"Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). Petitioner's argument is founded on these open court exchanges during the trial:

| | |
|---|---|
| Mr. Greenhill: | Well, that's where I was arrested. |
| The Court: | Well, where you were arrested is a historical fact but - |
| Mr. Greenhill: | Yes, it is, to other people. |

5

> The Court: What?
> Mr. Greenhill: It is to other people who decide my - who witnessed my arrest.
> The Court: I'm ruling the question is immaterial as to where you were arrested. Please proceed to another question.
> Mr. Greenhill: Thank you, your honor. Was I standing in the driveway when you -
> The Court: Counselor, Mr. Greenhill. It makes no difference where were you standing
> Mr. Greenhill: There were other witnesses.
> The Court: You've been arrested. You've been in custody since 1994, and you have not challenged your arrest at any time, and certainly, this jury is not - or if you have, Judge Coyle has overruled it, and you are now faced with being a felon in possession of a gun. Now, let's try that case....
> Mr. Greenhill: Um, Mr. Velasco, does any of your documents indicate that Anthony Greenhill purchased that firearm.
> The Court: That who?
> Mr. Greenhill: Me, the Defendant, Anthony Greenhill.
> The Court: What difference does it make? You were found with it on you. You might have stolen it or you might have been given it as a gift.
> Mr. Greenhill: I object.
> The Court: But the fact that the Government can't prove that you paid money for it in an arms transaction doesn't disqualify it from the prosecution.
> Mr. Greenhill: The object is proving interstate commerce.
> The Court: The firearm, on the basis of these documents, if they come in, a jury can conclude that the firearm moved from Tustin - or from the City of Industry to Nevada to Arizona. That sir, is interstate commerce.
> Mr. Greenhill: Is that an instruction to the jury, Your Honor.
> The Court: What?
> Mr. Greenhill: Is that an instruction to the jury, Your Honor.
> The Court: Yes, it is.

Doc. 216, Appendix, at 17 and 21-22. "Although the court may interject isolated questions to clarify ambiguities it can not assume the mantle of advocate and take over the governments cross-examination to merely emphasize the governments proof or to question the credibility of the defendant the court can not conduct its questioning in such manner as to convey to the jury the truth of the witnesses statements or the verdict that should be returned." Doc. 216, at 18-19. Again, Judge Price's comments are considered for the limited purpose of determining whether they show bias, not for potential error in the trial proceedings.

"[A] judge's prior adverse ruling is not sufficient cause for recusal." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986), citing Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984). "A judge's views on legal issues may not serve as the basis for motions to disqualify." United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980). "The judge who

presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task....Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Liteky v. United States, 510 U.S. 540, 550-51 (1994).  The simple fact that Judge Price ruled against Petitioner in these (and other instances) during the trial is not grounds for recusal.

"Supreme Court precedent reveals only three circumstances in which an appearance of bias--as opposed to evidence of actual bias--necessitates recusal. First, due process requires recusal of a judge who 'has a direct, personal, substantial pecuniary interest in reaching a conclusion against [one of the litigants].' Second, due process requires recusal if a judge becomes 'embroiled in a running, bitter controversy' with one of the litigants....Third, due process requires recusal if the judge acts as 'part of the accusatory process.'" Crater v. Galaza, 491 F.3d 1119, 1131 (9th Cir. 2007), citations omitted.  There are no allegations of personal/pecuniary interest or a running controversy.  Petitioner's allegations appear to be that Judge Price's comments made him part of the accusatory process.

While Judge Price's comments were not temperately phrased, they were designed to inform Petitioner of the law and avoid questioning regarding irrelevant issues.  Judge Price was not saying that Petitioner had stolen or been given the gun in question; there was no reference to any extrajudicial information.  Rather, he was explaining that it made no legal difference how Petitioner acquired the gun if the prosecution could demonstrate it had crossed state lines.  While the phrasing may have been inartful, the comments do not show that Judge Price was doing the prosecutor's job and working to establish Petitioner's guilt.  "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal

an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible....Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration -- even a stern and short-tempered judge's ordinary efforts at courtroom administration -- remain immune." Liteky v. United States, 510 U.S. 540, 555-56 (1994).

In a case in which bias was raised in a habeas petition, the trial judge explained his previous comments: "the statements referred to by Petitioner were made during a hearing regarding Petitioner's motion to vacate his guilty plea and were meant to instruct Petitioner about the consequences of withdrawing his plea and undergoing a trial. It was necessary that Petitioner understand the possible sentence he might receive, and the difficult choice ahead of him regarding whether to testify, in order to make an informed choice concerning withdrawal of his plea. While this writer's statements may have been cryptic, they were realistic assessments of his prospects considering his situation. Petitioner was not in an unusual position for a criminal defendant, and there was nothing directed at Petitioner personally in this writer's explanation of the circumstances." Carpenter v. United States, 478 F. Supp. 2d 205, 216 (D.R.I. 2007). Similarly, the Ninth Circuit affirmed the denial of a motion for recusal where the trial judge told the defendant "A jury is not going to like you. A jury is going to be frightened by what they hear from these witnesses occurring that night. They will put themselves at the ATM. They will put themselves out walking the streets....You have very little to go on in this case. You might beat the special circumstance; I don't think you will....And I, as the judge, am supposed to keep an open mind about what sentence to impose....This much I can tell you, I would have no discretion on first degree murder, none....I can also tell you that most judges looking at what happened that night would probably be inclined to impose consecutive penalties....So most judges, I think, would throw the book at you." Crater v. Galaza, 491 F.3d 1119, 1130-31 (9th Cir. 2007).  Judge Price's comments, though arguably sharper in tone than the examples described above, served a similar function of informing Petitioner about the law.

**C. Motion for Default Judgment and Judgment on the Pleadings**

Petitioner argues the United States has "fail[ed] to comply with Fed.R.Cv.P. 12(a)(2)....Petitioner by this filing also request the Court 'Grant' [JUDGMENT ON THE PLEADINGS] per-FRCVP-12(c)- in favor of the petitioner original complaint, that clearly demonstrates; Fed. R.Cv. P. 60(b)(4) Relief." Doc. 221, at 2-3.  Petitioner misunderstands the rules of civil procedure.  Default judgment is applicable when a party fails to answer a complaint.  Petitioner has filed a Rule 60 motion for reconsideration.  Failure of the opposing party to respond to a motion for reconsideration does not allow the moving party to get a default judgment.  The same holds true for judgment on the pleadings in this circumstance.

### IV. Order

Petitioner's motion for reconsideration is DENIED.

Petitioner's motion for default judgment and/or judgment on the pleadings is DENIED.

IT IS SO ORDERED.

**Dated:   June 19, 2008**                        /s/ Anthony W. Ishii
                                        UNITED STATES CHIEF DISTRICT JUDGE