# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEON GREENHILL, ) | CR-F-94-5020 AWI |
| ) | CV-F-97-5020 AWI |
| Petitioner, ) | |
| ) | ORDER DENYING CERTIFICATE |
| v. ) | OF APPEALABILITY AND |
| ) | GRANTING IN FORMA PAUPERIS |
| UNITED STATES OF AMERICA, ) | CERTIFICATION |
| ) | |
| Respondent. ) | CR-F-94-5020 |
| ) | Docs. 225, 229, and 230 |

Petitioner Anthony Leon Greenhill was found guilty on July 11, 1995 after a jury trial of one count of violation of 18 U.S.C. §922(g)(1), felon in possession of a firearm (Crim. Case No. 94-5020, District Court Judge Edward Dean Price).  Petitioner was sentenced to 293 months in custody.  The case was appealed to the Ninth Circuit and the conviction was affirmed.  Petitioner then filed a timely habeas petition pursuant to 28 U.S.C. §2255 (Civ. Case No. 97-5020, Judge Price).  The habeas petition was denied; the court also denied the request for a certificate of appealability.  The Ninth Circuit also denied the request for a certificate of appealability. Petitioner filed an appeal with the U.S. Supreme Court which was denied.  Petitioner filed a new case seeking the writ of error coram nobis (Civ. Case No. 00-5818, assigned to District Court Judge Myron Crocker as Judge Price had retired).  The court construed the request as a habeas petition pursuant to 28 U.S.C. §2255 as the writ of error coram nobis is not available to one who is still in custody.  Treating the matter as a second habeas petition, the court found that Petitioner

had not obtained authorization from the Ninth Circuit pursuant to 28 U.S.C. §2244(b)(3).  The Ninth Circuit denied the appeal.  In addition to this history within the Eastern District, Petitioner has also filed habeas petitions with federal district courts in other parts of the country.  They have also been denied.

Petitioner filed motions entitled "Motion Under Federal Rules of Civil Procedure, Rule 60(b)(4) 'The Judgment Is Void.'" Docs. 215 and 216.  Petitioner thereafter filed a motion for default judgment and/or judgment on the pleadings.  Doc. 221.  As Judge Crocker has retired, the cases were reassigned to the undersigned.  In substance, Petitioner's motions are directed at the denial of habeas relief in Civ. Case No. 97-5020.  On June 23, 2008, the court denied Petitioner's Rule 60(b)(4) and default judgment motions.  Petitioner has now filed motions for a certificate of appealability and to proceed in forma pauperis. Docs. 225, 229, and 230.

Title 28 U.S.C. §2253 states:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The U.S. Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483 (2000).  The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the courts of appeal from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the

district court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). The U.S. Supreme Court has found that the even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should reconsider the Ninth Circuit rule. See Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000).

Petitioner's motions raise three issues, none of which merit grant of a certificate of appealability. Petitioner's first argument is that Judge Price failed to rule on all issues raised in the initial habeas petition. That argument was reviewed and denied in 1997. Further, any motion for reconsideration is untimely as it should have been made years ago. Petitioner's second argument is that Judge Price should have recused himself from considering the habeas petition due to bias. The cited record does not show bias on the part of Judge Price. Petitioner's third argument is that he should have been granted default judgment as the government did not respond to his motion for reconsideration. Default judgment is not the proper result when a party fails to respond to reconsideration. The cases Petitioner cites do not raise the prospect of debate between reasonable jurists as to his claims. See Jarvis v. Hickey, 2008 U.S. Dist. LEXIS 32996 (S.D. Ga., Apr. 22, 2008); Franklin v. McCaughtry, 398 F.3d 955, 959-60 (7th Cir. 2005).

The court notes that Petitioner has also moved to proceed in forma pauperis, and has attached an affidavit in support thereof. Good cause appearing, the court hereby grants Petitioner's motion to proceed in forma pauperis to the extent further appellate review may be made available to Petitioner by the Ninth Circuit Court of Appeal.

Petitioner's motion for a certificate of appealability is DENIED. Petitioner's request to proceed informa pauperis is GRANTED.

IT IS SO ORDERED.

**Dated:   June 5, 2009**          /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE